## COUNT IV

### Common Law Breach Of Fiduciary Duty
### (Against the MFS Defendants and the Trustee Defendants)

55. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

56. The MFS Defendants and the Trustee Defendants and each of them owed to the Fund and its shareholders, the duty to exercise due care and diligence, honesty and loyalty in the management and administration of the affairs of the Fund and in the use and preservation of its property and assets, and owed the duty of full and candid disclosure of all material facts thereto. Further, said defendants owed a duty to the Fund and its shareholders not to waste the Fund's corporate assets and not to place their own personal self-interest above the best interest of the funds and their shareholders.

57. To discharge those duties, the MFS Defendants and the Trustee Defendants were required to exercise prudent supervision over the management, policies, practices, controls, and financial and corporate affairs of the Fund.

58. As alleged above, each of said defendants breached his or its fiduciary duty by receiving excessive compensation or payments in connection with the timing scheme and other manipulative schemes as alleged in this Complaint.

59. As alleged above, each of said defendants also breached his or its fiduciary duty to preserve and not to waste the assets of the Fund by permitting or incurring excess charges and expenses to the funds in connection with the timing scheme and other manipulative schemes as alleged in this Complaint.

## COUNT V

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against John Does 51-100)

60. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

61. John Does 51-100 knew of the existence of the fiduciary duty between the MFS Defendants and the Trustee Defendants and the Fund and knew the extent of that duty. John Does 51-100 knew of the acts of late trading and timing made by them on the Fund and knew that these acts and manipulative devices were a breach of the fiduciary duties the MFS Defendants and the Trustee Defendants owed to the Fund. John Does 50-100 maliciously, without justification and through unlawful means, aided and abetted and conspired with the MFS Defendants and the Trustee Defendants in breaching their fiduciary duties and provided substantial assistance and encouragement to the MFS Defendants and the Trustee Defendants in violating their fiduciary duties in the manner and by the actions described in this Complaint.

62. John Does 51-100 are jointly and severally liable to the Fund for damages proximately caused by their aiding and abetting as alleged herein.

63. As a direct and proximate result of defendants' wrongful conduct, the assets and value (including the NAV) of the Fund have been reduced and diminished and the corporate assets of the Fund have been wasted.

## COUNT VI

### CIVIL CONSPIRACY
### (Against the MFS Defendants, MFS and John Does 1-100)

64. Plaintiff incorporates by reference all paragraphs above as if set forth herein.

65. The MFS Defendants, MFS and John Does 1-100 entered in an agreement or agreements or combinations with each other to accomplish by common plan the illegal acts described in this Complaint and by their actions demonstrated the existence of an agreement and combination.

66. The MFS Defendants, MFS and John Does 1-100 by their actions have manifested actual knowledge that a tortious or illegal act or acts was planned and their intention to aid in such acts or acts.

67. The MFS Defendants, MFS and John Does 1-100 maliciously and intentionally conspired, combined and agreed with one another to commit the unlawful acts alleged in this Complaint or to commit acts by unlawful means causing injury to Plaintiff and proximately causing injury and damages to the Plaintiff for which they are jointly and severally liable.

68. The Fund has suffered damages as a result of the wrongs and the conspiracy to commit such wrongs as alleged in the Complaint in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. Removing the current Trustees of the Trust and replacing them with independent directors,

B. Awarding monetary damages against all of the Defendants, jointly and severally, in favor of the Fund, for all losses and damages suffered as a result of the wrongdoings alleged in this Complaint, including punitive damages where appropriate, together with interest thereon,

C. Awarding plaintiff the fees and expenses incurred in this action, including reasonable allowance for fees for plaintiff's attorneys and experts,

D. Granting plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all Counts so triable.

Dated: March 5, 2004

                                    **GILMAN AND PASTOR, LLP**

By: _/s/ Peter Lagorio_
David Pastor (BBO #391000)
Peter Lagorio (BBO #567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Shane Rowley
Antonio Vozzolo
David Leventhal
320 East 39th Street
New York, New York 10016
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

**ROBBINS UMEDA & FINK, LLP**
Brian J. Robbins
Jeffrey P. Fink
1010 Second Avenue, Suite 2360
San Diego, CA 92101
Telephone: (619) 525-3990

## VERIFICATION

Boris Fieldman states that he is the named plaintiff in this action; that he caused the foregoing Complaint to be prepared on his behalf and derivatively; that he has read the foregoing Verified Shareholder Derivative Complaint and knows the contents thereof and believes that the statements contained therein are true based upon, among other things, the investigation of his counsel.

_____
Boris Fieldman

_____03/02/04_____
Date